# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RODNEY A. HURDSMAN and                                                                      PLAINTIFFS
STEPHANIE M. HURDSMAN

v.                                           4:15CV00090-KGB-JJV

RODNEY WRIGHT, *et al.*                                                                     DEFENDANTS

## ORDER

Plaintiffs have brought this action alleging the named Defendants have violated their constitutional rights. (Doc. No. 2.) Two issues must be addressed, however, before this case can proceed.

First, although Mr. Hurdsman has filed a completed Application to Proceed Without Prepayment of Fees and Affidavit ("Application"), Mrs. Hurdsman has not. If Plaintiffs wish to proceed *in forma pauperis* in this action **they must both submit a completed Application.** A blank application will be sent to Mrs. Hurdsman with this Order. If Plaintiffs wish to pursue this action jointly, Mrs. Hurdsman must return a completed application within thirty days (30) of the date of this Order's entry. Alternatively, they may submit the statutory filing fee within that same time period.

Second, after review of Plaintiffs' Complaint, the Court has determined they have impermissibly attempted to join multiple, unrelated claims. Allegations against multiple parties must arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). Here, Plaintiffs allege (1) two unrelated theories of inadequate medical care, (2) violations of Mr. Hurdsman's due process rights, (3) inadequate access to the law library, (4) denial of adequate recreation time, and (5) conditions of confinement claims. None of these claims arise from the same occurrence or transaction and Plaintiffs will not be allowed to defeat fee requirements by joining them in a single

1

suit.

Plaintiffs will be afforded an opportunity to amend their Complaint. In so doing, they should set forth claims which relate only to a **single** transaction or occurrence. They should also: 1) name all the parties they believe deprived them of their constitutional rights and whom they wish to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether they are suing each defendant in his/her individual or official capacity, or in both capacities; 4) how they were harmed; and 5) state whether they were incarcerated at the time as pretrial detainees.  Plaintiffs are cautioned that an Amended Complaint renders their previous Complaint without legal effect.  Only claims properly set out in the Amended Complaint will be allowed to proceed.  Plaintiffs should submit their Amended Complaint within thirty (30) days of the entry date of this Order. **Finally, if they wish to proceed jointly, their Amended Complaint must be signed by both Plaintiffs.** *See* Fed. R. Civ. P. 11(a).

IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court is directed to enclose an Application to Proceed Without Prepayment of Fees and calculation sheet and a section 1983 Complaint Form with this Order.

2. If Plaintiffs wish to proceed *in forma pauperis* Mrs. Hurdsman must submit a completed Application to Proceed Without Prepayment of Fees within thirty days of the date of this Order. Alternatively, Plaintiffs may submit the statutory filing fee within that same period.

3. If Plaintiffs wish to amend their Complaint, they may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file it within thirty days of the date of this Order.

4. Plaintiffs' Complaint, as it now stands, is deficient and may be dismissed after thirty days of the date of this Order.

DATED this 19th day of February, 2015.

                                                                                       _____
                                                                                       JOE J. VOLPE
                                                                                       UNITED STATES MAGISTRATE JUDGE