IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RODNEY A. HURDSMAN and                                                                           PLAINTIFFS
STEPHANIE M. HURDSMAN

v.                                          4:15CV00090-KGB-JJV

RODNEY WRIGHT, Sheriff,
Saline County; *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **PARTIAL DISPOSITION**

### I. INTRODUCTION

Plaintiffs filed this action on February 12, 2015, alleging various violations of their constitutional rights. (Doc. No. 2.) On February 19, 2015, the Court offered Plaintiffs an opportunity to amend their Complaint after noting it contained multiple, unrelated claims. (Doc. No. 3.) It also directed Plaintiff Stephanie Hurdsman to submit her own Application to Proceed Without Prepayment of Fees and Affidavit and sign any amended complaint. (*Id.*)

Plaintiffs have failed to comply with the Court's Order within the thirty days provided. Instead, Mr. Hurdsman filed a Motion for Temporary Restraining Order ("Motion"). (Doc. No. 4.) That Motion also objects to the Court's previous finding that Plaintiffs had impermissibly stated unrelated claims against various Defendants. (*Id.*)

After review of all documents submitted by Plaintiffs, the Court recommends that: 1) Plaintiff Stephanie Hurdsman be dismissed from this action without prejudice; 2) Plaintiff Rodney Hurdsman's Motion be denied in its entirety;  and 3) Plaintiff Rodney Hurdsman be permitted to proceed only with his retaliation claims against Defendant Loften,

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

2

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

Plaintiffs make multiple allegations about events that occurred while they were in custody at the Saline County Detention Center ("SCDC"). Those allegations are that: (1) Stephanie Hurdsman was denied adequate medical care for her pregnancy; (2) Rodney Hurdsman was denied adequate mental health care; (3) Rodney Hurdsman was retaliated against for his use of the grievance system when he was placed in disciplinary segregation; (4) Plaintiffs were denied access to a law library; (5) Plaintiffs have been denied adequate recreation time and facilities; and (6) prison overcrowding forced Rodney Hurdsman to sleep on the floor.

Plaintiff Rodney Hurdsman objects to the Court's Order (Doc. No. 3) directing Plaintiffs to narrow the scope of the Complaint, and now requests that: (1) Plaintiffs be allowed to prosecute this action only with respect to Defendant Rodney Wright in order to pursue their disparate claims; (2) Plaintiffs be provided immediate access to a law library; (3) Plaintiffs be provided "reasonable" supplies to prepare litigation; (4) Plaintiffs be permitted to discuss the current action amongst themselves and exchange legal documents; (5) Plaintiffs be given adequate recreation time; and (6) the Court order appropriate treatment for Plaintiff Rodney Hurdsman's mental health needs. (Doc. No. 4 at 4-5.)

### A.     Plaintiff Stephanie Hurdsman

In its February 19, 2015, Order, the Court directed Mrs. Hurdsman to submit a separate and complete Application to Proceed Without Prepayment of Fees and Affidavit within thirty days if she wished to pursue this action jointly with her husband. (Doc. No. 3.) She has declined to do so or otherwise respond, and the Court recommends she be dismissed without prejudice pursuant to Local Rule 5.5(c)(2).[1]

---

[1]Local Rule of the Court 5.5(c)(2), states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

**B.     Motion for Temporary Restraining Order**

    1.     Objection

As a preliminary matter, Plaintiff[2] is not entitled to "object" to the Court's previous Order (Doc. No. 3). The Order was not a recommendation to a district judge and does not allow for an objection period. If Plaintiff wishes to challenge this Court's decision, he should have filed a formal appeal to the district judge. But the time for appeal has run. *See* Local Rule 72.1VII B.

    2.     Claims Against Defendant Rodney Wright

To the extent Plaintiff wished to restrict his claims to a single Defendant, he should have filed an amended complaint, as this Court previously invited him to do.[3] The approach advocated by his Motion would strike every Defendant except Sheriff Wright while still attempting to proceed under the same deficient Complaint. Notably, a review of the Complaint reveals no specific allegations of personal misconduct against Sheriff Wright.[4]

If Plaintiff wishes to file an amended complaint, he may state as much in his objections to this recommendation. In so doing, he should specify which claims he intends to proceed with against which Defendants.

    3.     Injunctive Relief

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm

---

[2] Hereafter, the term "Plaintiff" will refer only to Rodney Hurdsman.

[3] In his Letter to the Court (Doc. No. 5), Plaintiff asserts he does not know how to "correctly re-submit the complaint." The Court's Order was explicit in its instructions, however.

[4] Any claim against Defendant Wright based solely on a theory of *respondeat superior* will not be allowed to proceed. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory unavailable under § 1983). Rather, Plaintiff must allege how Defendant Wright, either by his actions or inactions, *personally* engaged in constitutional misconduct.

5

and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest.  *Dataphase Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*).  No single factor is dispositive, but the movant must establish a threat of irreparable harm.  *Id*.  Without a finding of irreparable injury, a preliminary injunction should not be issued.  *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999).  "The burden of proving that a preliminary injunction should be issued rests entirely with the movant."  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).  The Court in *Goff* also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'...[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. at 520-21 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

As previously noted, Plaintiff requests the following preliminary injunctive relief: (1) immediate access to a law library; (2) access to "reasonable" office supplies; (3) permission to communicate with other plaintiffs regarding this case; (4) immediate access to proper recreation time/facilities; and (5) immediate treatment for his mental health problems. (Doc. No. 4 at 4-5.) Plaintiff has failed to identify what, if any, irreparable harm will befall him if any of these injunctive measures are not granted.  Further, the only supporting evidence he offers are a series of grievances and their corresponding responses. Two items therein - Plaintiff's current *pro se* representation in a criminal trial and his alleged mental health issues - are more worrisome than the rest. Still, Plaintiff has not offered any affirmative argument as to why either problem represents a potential source of irreparable harm. He has not, for instance, alleged that he does not have access to assistance from

the county public defender's office. *See Caton v. Maze*, 995 F.2d 881 (8th Cir. 1993) (per curiam) (finding summary judgment appropriate for county defendants where *pro se* litigant had limited access to prison law materials, but was aware that county public defender was available to provide research assistance). Similarly, Plaintiff has declined to provide any evidence that a specific, irreparable harm will befall him if the Court does not order immediate treatment for his mental health issues.[5]

Based on the foregoing, the Court finds that Plaintiff has failed to carry his burden of demonstrating the necessity of preliminary injunctive relief.

### 4. Appointment of Counsel

In the alternative to granting him immediate access to a law library, office supplies, and communicative privileges, Plaintiff asks that counsel be appointed. (Doc. No. 4 at 5.) A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). However, the Court may appoint counsel at its discretion. *Id*. *See* 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, the Court must exercise "a reasoned and well-informed discretion." *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986). "The appointment of counsel 'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim' and the pleadings state a prima facie case." *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (quoting *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986)).

The United States Court of Appeals for the Eighth Circuit has identified several factors the Court should consider when deciding a request for appointment of counsel. *Id*. These factors

---

[5] Plaintiff admits in his Complaint that personnel at SCDC prescribed medication for his mental health problems. (Doc. No. 2 at 11.) He contends the medication is not the type or dosage to which he is accustomed and the prescriber is "not a qualified doctor of psychiatry." (*Id*.)

7

include the plaintiff's need for an attorney, the likelihood that plaintiff will benefit from assistance of counsel, the factual complexity of the case, the plaintiff's ability to investigate and present his case, and the complexity of the legal issues. *Id.*

Although Plaintiff's Complaint invokes numerous allegations, none of his claims are so complex as to require the assistance of counsel. Moreover, Plaintiff appears capable of presenting his own claims at this stage in the proceedings. The appointment of counsel is not warranted at this time.

**C.     Plaintiff's Complaint**

As previously stated, Plaintiff's Complaint contains several unrelated claims which cannot be joined against multiple defendants. Plaintiff has declined to remedy this deficiency by filing an amended complaint. Accordingly, the Court will examine the claims in the order they are presented.[6] This action will proceed on the first viable claim. If Plaintiff still wishes to pursue the other claims, he may file separate actions to do so.

1.     Stephanie Hurdsman's Medical Claims

The Court has recommended that Mrs. Hurdsman be dismissed from this action. Accordingly, any claims which specifically relate to her medical care should also be dismissed without prejudice, because Plaintiff lacks standing to bring them himself. *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (per curiam).[7]

---

[6]Again, Plaintiff's claims are that:  (1) Stephanie Hurdsman was denied adequate medical care for her pregnancy; (2) Rodney Hurdsman was denied adequate mental health care; (3) Rodney Hurdsman was retaliated against for his use of the grievance system when he was placed in disciplinary segregation; (4) Plaintiffs were denied access to a law library; (5) Plaintiffs have been denied adequate recreation time and facilities; and (6) prison overcrowding forced Rodney Hurdsman to sleep on the floor.

[7]If Mrs. Hurdsman wishes to pursue these claims, she may write to request a section 1983 complaint form and file a separate action.

2. Plaintiff's Mental Health Claims

Plaintiff's allegations of inadequate mental health care are, at first glance, viable to proceed past screening. He claims that he suffers from untreated "erratic sleeping patterns" and occasional bouts of "dementia and schizophrenia." (Doc. No. 2 at 12.) He has failed, however, to name a Defendant against whom these claims may proceed.

First, Plaintiff claims that upon intake to the SCDC, he made Defendant Clayton Bloch, a Benton County detective, aware of his mental issues. (*Id.* at 11.) He does not allege that Defendant Bloch had any medical expertise or had any personal or supervisory involvement in his care. It is well established that claims for deliberate indifference to serious medical needs should be brought against those individuals actually responsible for an inmate's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Plaintiff's allegations indicate that Defendant Bloch was not such an individual.

Next, Plaintiff vaguely alleges that "SCJ staff" ignored his requests for treatment. (Doc. No. 2 at 11.) He does not identify which Defendants are referenced by the umbrella term "SCJ staff." Absent clarification, this claim could be construed against any staff member at the facility and, as such, is over broad.

Finally, Plaintiff alleges that Defendant Stage, a nurse employed by Southern Healthcare Partners, prescribed him a single dose of medication that was ineffective at treating his condition. (*Id.*) Plaintiff has specified, however, that he is suing Defendant Stage only in his official capacity. (*Id.* at 2.) This official capacity claim is equivalent to a claim against Southern Healthcare Partners itself. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Such an allegation does not state a cognizable claim in this case because "[a] corporation acting under color of state law will be held liable only for its own unconstitutional policies." *See Sanders v. Sears, Roebuck & Co.*, 984

9

F.2d 972, 975-76 (8th Cir. 1993). Plaintiff has failed to allege that any policy or custom of Southern Health Care Partners contributed to his allegedly inadequate treatment.

Based on the foregoing, these claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Plaintiff's Retaliation Claim

Plaintiff alleges that Defendant Loften placed him in disciplinary segregation for his repeated use of the prison grievance system. (Doc. No. 2 at 12.) Although Plaintiff characterizes this as a violation of his due process rights, the claim is more appropriately classified as a First Amendment retaliation claim. This Court concludes that this claim is viable and may proceed.

Plaintiff alleges that he asked Defendants Pilgrim and Richardson about not receiving notice or a hearing in conjunction with his punishment. (*Id*. at 13-14.) Plaintiff alleges they each informed him he was not entitled to either. (*Id*.) Plaintiff claims they violated his due process rights by doing so, but he is incorrect. In order to maintain an actionable procedural due process claim, an inmate must show that he has been deprived of some constitutionally-protected liberty or property interest. *See Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997). In prisoner cases, a constitutionally-protected liberty interest will arise only when the prisoner can show that he has suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," as contemplated in *Sandin v. Conner* (holding that disciplinary segregated confinement of an inmate falls within expected parameters of prison life, and does not represent an "atypical and significant hardship," which would create a protected liberty interest). 515 U.S. 472, 486 (1995). If there is no "atypical and significant hardship," there is no entitlement to due process. Plaintiff's transfer to disciplinary segregation does not qualify as an "atypical and significant hardship." *See Kennedy v. Blankenship,* 100 F.3d 640, 642-643 (8th Cir. 1996) (demotion within Arkansas prison system from administrative segregation to punitive isolation for 30-day sentence, with loss of telephone, visitation and

commissary privileges, is not a "dramatic departure from the basic conditions of confinement").

Accordingly, the Court finds Plaintiff should proceed only with his retaliation claim against Defendant Loften.

    4.    Remaining Claims and Defendants

Plaintiff's remaining claims do not arise out of the same transaction or occurrence as his retaliation claim against Defendant Loften. As such, they may not be pursued in this action and are appropriate for dismissal without prejudice.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff Stephanie Hurdsman be DISMISSED without prejudice for failure to comply with Local Rule 5.5(c)(2).

2. Plaintiff Rodney Hurdsman's Motion for Temporary Restraining Order (Doc. No. 4) be DENIED in its entirety.

3. Plaintiff Rodney Hurdsman be allowed to proceed with his First Amendment retaliation claims against Defendant Loften.

4. All other claims and defendants be DISMISSED without prejudice.

Dated this 19th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE