IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RODNEY A. HURDSMAN and**
**STEPHANIE M. HURDSMAN**                                                      **PLAINTIFFS**

v.                            Case No. 4:15-cv-00090-KGB-JJV

**RODENY WRIGHT, Sheriff,**
**Saline County; et al.**                                                             **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 6) and plaintiff Rodney A. Hurdsman's objections (Dkt. No. 8). After carefully considering the objections and making a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in part as this Court's findings.

The Court rejects the recommended dismissal of Mr. Hurdsman's due process claim. Judge Volpe recommends dismissal of Mr. Hurdsman's due process claim based on *Sandin v. Conner*, 515 U.S. 472, 486 (1995). *Sandin* states that, in prisoner cases, a constitutionally protected liberty interest will arise only when the prisoner can show that he has suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* In his objections, Mr. Hurdsman states he is a pretrial detainee. The Eighth Circuit has held that *Sandin* does not apply to pretrial detainees. *Hanks v. Prachar*, 457 F.3d 774, 776 (8th Cir. 2006) (citing *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005)); *see Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). Whether Mr. Hurdsman's due process claim is viable to proceed past screening because he is a pretrial detainee and, if so,

whether the claim arises out of the same transaction or occurrence as his retaliation claim against defendant Loften is referred back to Judge Volpe for further consideration.

Mr. Hurdsman also sent a letter to the Court regarding (1) his wife plaintiff Stephanie M. Hurdsman's safety; (2) his wife's mail to the Court; and (3) his health.  The Court notes that, besides Mr. Hurdsman's own conclusory assumptions regarding his wife's safety, there is nothing in the record showing she is unsafe.  Likewise, there is no evidence that Ms. Hurdsman properly attempted to send mail to the Court.  Again, if Ms. Hurdsman wishes, she may write the Court to request a section 1983 complaint form to file a separate action.

It is therefore ordered that:

1. Ms. Hurdsman is dismissed without prejudice as a plaintiff in this matter for failure to comply with Local Rule 5.5(c)(2).

2. Mr. Hurdsman's motion for temporary restraining order is denied in its entirety (Dkt. No. 4).

3. Mr. Hurdsman is allowed to proceed with his First Amendment retaliation claims against defendant Loften.

4. Whether Mr. Hurdsman's due process claim, which appears to have been brought against defendants Pilgrim and Richardson, is viable to proceed past screening because he is a pretrial detainee and, if so, whether the claim arises out of the same transaction or occurrence as his retaliation claim against defendant Loften is referred back to Judge Volpe for further consideration.

5. All other claims and defendants are dismissed without prejudice from this action.

SO ORDERED this the 28th day of April, 2015.

                                                   KRISTINE G. BAKER
                                                   UNITED STATES DISTRICT JUDGE